UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 4:17-cr-00290 |
| | § | |
| HARCHARAN S. NARANG, M.D. *and* | § | |
| DAYAKAR MOPARTY | § | |

**DEFENDANTS' MOTION FOR MISTRIAL
WITH MEMORANDUM IN SUPPORT**

To the Honorable Sim Lake

Defendants Harcharan S. Narang MD ("Dr. Narang") and Dayakar Moparty, through their counsel, hereby move for a Mistrial of this case for the reasons explained below.

**I.
Introduction**

A mistrial is now required as the Government has rested its case without calling Dr. Sidhu as a trial witness. It is necessary in part because of the Government's misconduct during its Opening Statement when it told the jury about Dr. Sidhu having entered into a plea agreement to Healthcare Fraud Conspiracy in the same case as his codefendants on trial. This statement was *not invited* by defense counsel, *served no legitimate purpose*, and was *clearly meant to be used as substantive evidence of guilt*. Moreover,

as explained below, that was not the only clear error that has permeated this trial and has seriously impacted the defendants' rights to a fair trial.

## II.
## Analysis

A.  **Sixth Amendment Rights Implicated**

   1.  **Bruton Principles**

An accused has the Sixth Amendment right to be confronted with witnesses against him to cross-examine and test the witness' credibility and evidentiary force. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620 (1968). In *Pointer v. Texas*, 380 U.S. 400, 404, 85 S.Ct. 1065, 1068 (1965), the Supreme Court affirmed that an accused's right to cross-examine was included in the confrontation right. "It cannot seriously be doubted … that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him." *Id.*

Admitting a codefendant's powerfully incriminating extra-judicial statements violates the Sixth Amendment's Confrontation Clause *even if* a jury is instructed not to consider the statement as evidence against the defendant. *Bruton*, 391 U.S. at 135, 88 S.Ct. 1628.

   2.  **Conviction of Dr. Sidhu Improperly Asserted as Substantive Evidence**

A corollary principle is well settled. It is clearly improper to use a person's guilty plea or conviction, as done here, for substantive evidence of another's guilt. *United States v. King*, 505 F.2d 602, 607 (5th Cir. 1974). The Fifth Circuit is explicit: "[A] defendant is

2

entitled to have the question of his guilt determined upon the evidence against him, not on whether a codefendant or government witness has been convicted of the same charge." *United States v. Miranda*, 593 F.2d 590, 594 (1979) (collecting cases).

3. **No Proper Evidentiary Purposes for Introducing Sidhu's Conviction**

It is only permissible for the Government to introduce such evidence, as done in Opening Statement, "when its use is limited to proper evidentiary purposes such as to impeach trial testimony or to reflect on a witness' credibility." *Id*. No such purpose is met.

a. **Factors to be Considered Weigh in Favor of Defendants**

The *King* court set out various factors for assessing the degree of harm resulting from such error:

> The presence or absence of an instruction is an important factor, but it is also essential to consider other factors, such as *whether there was a proper purpose in introducing the fact of the guilty plea*, *whether the plea was improperly emphasized or used as substantive evidence of guilt*, *whether the introduction of the plea was invited* by defense counsel, whether an objection was entered or an instruction requested, *whether the defendant's failure to object to the testimony could have been the result of tactical consideration*, and whether, in light of all the evidence, the failure to give an instruction was harmless beyond a reasonable doubt.

505 F.2d at 608 (internal citations omitted; emphasis supplied).

The italicized factors noted above from *King* heavily weigh against the Government. As noted, no proper purpose exists for the Government to tell the jury about Dr. Sidhu's plea of guilty to a healthcare fraud conspiracy involving the two defendants on trial but then not to call him as a witness; its statement was *not*

invited; and, defense counsel believed in good faith that the Government would call Dr. Sidhu as a witness (to fulfill its promise) and made the tactial decision to seek a properly-worded limiting instruction to be given to the jury when that event occurred.[1]

The Fifth Circuit has explained that a codefendant's guilty plea entered into the record is, as here, especially prejudicial if made in connection with a conspiracy in which the remaining defendants are charged. *United States v. Medina-Arellano*, 569 F.2d 349, 356 (5th Cir. 1978). In this case, the non-testifying coconspirator's prior conviction was inadmissible, highly prejudicial, and the Government's unprovoked decision to inform the jury about it during its Opening Statement violated the fundamental tenet that guilt or innocence must be determined one defendant at a time—without regard to the disposition of charges against others.

Under this record, the Government's only reason for offering this evidence was to demonstrate the *substantive guilt* of the defendants on trial. Its misconduct was deliberate, designed to interfere with their fair trial rights, and has interfered with their constitutional rights. As the Fifth Circuit explained in *United States v. Eason*, 920 F.2d 731, 735 (1990) (reversing conviction and rejecting claim that the

---

[1] As the *King* court also noted, "it is well settled that if a co-defendant's guilty plea or conviction is brought out at trial, the jury must be properly and strongly instructed about the limited purposes that they may make of it. *See, e.g., United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983); *United States v. Veltre*, 591 F.2d 347, 349 (5th Cir. 1979)[.]" 505 F.2d at 608.

error was harmless), "[i]t is clear that a conviction other than that of the witness himself is not admissible on the issue of the witness's credibility."

**B.      Government Should not be Allowed to Offer Unsworn Justifications**

In the case at bar, unlike *King* (which recognized an exception to the general rule of inadmissibility if the conviction of a *witness himself* was introduced), Dr. Sidhu was *not* called as a witness. If the Government belatedly tries to justify its misconduct by claiming that it offered this information in anticipation of defense counsel seeking to discredit Dr. Sidhu, that begs the question why it failed to call him. To the extent the Government counsel belatedly profess this as the justification for their misconduct, the Court should require them to further state what information was provided to Dr. Sidhu or his counsel *before* the Government's Opening Statement.

**C.      Other Aggravating Factors Negatively Affecting Fairness of Proceedings**

As the Court is aware, this serious event was not the only lapse in judgment committed by the Government during this trial that has affected the integrity of these proceedings.

**1.      Government Misled Dr. Narang about Prior Testimony from Expert Witness Grant**

As the Court is aware, Dr. Narang only learned by cross-examining Dr. Grant before the jury that he had been misinformed by the Government about Dr. Grant's experiences as a witness. In particular, the record is clear that Dr. Narang was told that

Dr. Grant had *never testified before* so no transcripts of testimony therefore were available to review in preparation for cross examining him. That was fundamentally wrong.

By his admission during cross examination, Dr. Grant had *extensive* testifying experience. Of course, Dr. Narang's counsel relied in good faith on the erroneous information provided by the Government in response to his specific discovery requests, so did not have the benefit of reviewing any available transcripts of testimony, among other things that would have been done to prepare to question this important adversarial witness at trial.

**2. Despite Calling the Government's Attention to Concerns about Dr. Grant Volunteering Inadmissible Opinions, he Offered Highly Prejudicial 404(b) Evidence that wasn't Disclosed to Dr. Narang in Discovery**

Yet another problem during Dr. Grant's testimony happened when he volunteered that he had "Googled" the three specialists who Dr. Narang used to review some of the diagnostic tests performed *and* that one had been convicted of a felony. The Court questioned Government counsel about this *clear error* after Dr. Narang's counsel made timely and proper objections about not being informed about this issue so that he could address it at sidebar outside the jury's presence.

The Government's proffered explanation was equivocal before admitting that Dr. Narang had *not* been informed of this fact in discovery.

In sum, more than one foul blow has been struck here that have seriously and adversely affected the substantial rights of the defendants to a fair trial. For these reasons a mistrial is necessary.

## III.
## CONCLUSION AND PRAYER

Wherefore, premises considered, Harcharan Narang, MD and Dayakar Moparty respectfully move for a Mistrial.

Respectfully submitted,

**DUANE MORRIS LLP**

By: /s/ Michael E. Clark
Michael E. Clark
Texas Bar No. 04293200
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Tel: (713) 402-3900
Fax: (713) 402-3901
meclark@duanemorris.com

**ATTORNEY FOR DR. NARANG**

**FERTITTA REYNAL L.L.P.**

By: */s/ F. Andino Reynal*
F. ANDINO REYNAL
815 Travis Street, Ste. 1553
Houston, Texas 77002
Telephone: (713) 228-5900
Facsimile: (713) 820-6981

By: */s/Charles W. Medlin*
Charles W. Medlin
State Bar No.13895900
2211 Norfolk Street
Suite 735
Houston, Texas 77098
Telephone (713) 521-7900
Facsimile (844) 269-9574

**ATTORNEYS FOR DAYAKAR MOPARTY**

## CERTIFICATE OF CONFERENCE

Since this is a trial pleading on behalf of one group of parties, no conference with the government is needed, but it would be fair to consider the government is opposed to it.

By: /s/ *Michael E. Clark*
Michael E. Clark

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Defendants' Motion for Mistrial* was hand delivered counsel of record using the ECF system for the U.S. Court, Southern District of Texas, on Feb. 20, 2019.

By: /s/ *Michael E. Clark*
Michael E. Clark