# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and   0   copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for the Southern District of Texas**
    **515 Rusk Avenue**
    **Houston, TX 77002**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of Texas |
|---|---|---|

| Name *(under which you were convicted)*: Harcharan Singh Narang | Docket or Case No.: 4:17-cr-00290 |
|---|---|
| Place of Confinement: Fort Worth FMC | Prisoner No.: 26210-479 |

| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* Harcharan Singh Narang et al |
|---|---|---|

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    District Court for the Southern District of Texas
    515 Rusk Avenue
    Houston, TX 77002

    (b) Criminal docket or case number (if you know): 4:17-CR-00290-1

2. (a) Date of the judgment of conviction (if you know): 11/19/2019

    (b) Date of sentencing: 11/14/2019

3. Length of sentence: 121 months' imprisonment; 3 years' supervised release

4. Nature of crime (all counts):

    Conspiracy to commit health care fraud, 18 U.S.C. §1349 (Count 1)
    Health care fraud, 18 U.S.C. §§1347 & 2 (Counts 2-18)
    Engaging in monetary transactions in property derived from specified unlawful activities, 18 U.S.C. §§1357 & 2 (Counts 19-21)

5. (a) What was your plea? (Check one)

    (1) Not guilty ✔   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Movant pleaded not guilty to all charges and went to a jury trial.

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ✔   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ✔   No ☐

8. Did you appeal from the judgment of conviction?   Yes ✔   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Fifth Circuit Court of Appeals
   (b) Docket or case number (if you know): No. 19-20797
   (c) Result: affirmed on 8/23/2021; petition for rehearing denied on 10/4/2021
   (d) Date of result (if you know): 10/4/2021
   (e) Citation to the case (if you know): United States v. Moparty, 11 F.4th 280 (5th Cir. 2021)
   (f) Grounds raised:

   The district court erred in denying his motion for mistrial;
   The district court erred in applying the sentencing enhancement for ten or more victims under USSG § 2B1.1(b)(2)(A)(i);
   The district court erred in applying the "means of Identification" sentencing enhancement under § 2B1.1(b)(11)(C)(i); and,
   The procedural sentencing errors were Guidelines impactful.


   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ✔
       If "Yes," answer the following:
       (1) Docket or case number (if you know): 
       (2) Result: 

       (3) Date of result (if you know): 
       (4) Citation to the case (if you know): 
       (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ✔

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: 
        (2) Docket or case number (if you know): 
        (3) Date of filing (if you know):

(4) Nature of the proceeding: _____

(5) Grounds raised:

















(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

















(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☐

(2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The circumstances surrounding the Gov's introduction of Dr. Sidhu's guilty plea denied Dr. Narang of a fundamentally fair trial, his constitutional rights to the Confrontation Clause and to Due Process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See simultaneously filed Brief in Support of 2255 Motion, Section II. i.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ✔   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ✔
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Failure to Subpoena Dr. Sidhu
2. Failure to Call Patient Witnesses
3. Failure to Call Expert Witness
4. Failure to Sufficiently and Effectively Cross Examine Agent Lammons

See simultaneously filed Brief in Support of 2255 Motion, Section II. ii.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Former appellate counsel did not raise them at direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Prosecutorial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Prosecutorial Misconduct Pertaining to Dr. Sidhu's Guilty Plea
2. Improper Comment Connecting Dr. Narang with "Russians"

See simultaneously filed Brief in Support of 2255 Motion, Section II. iii.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Former appellate counsel did not raise them at direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ✔

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, Grounds Two and Three have not been previously presented, because former appellate counsel did not raise them at direct appeal.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ✔

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    N/A

    (b) At the arraignment and plea:
    Michael E. Clark, 1301 McKinney Street, Suite 3700, Houston, TX 77010

    (c) At the trial:
    Michael E. Clark, 1301 McKinney Street, Suite 3700, Houston, TX 77010

    (d) At sentencing:
    Chris Flood, 914 Preston, Ste 800, Houston, TX 77002-1832

    (e) On appeal:
    Seth Kretzer, 440 Louisiana Street; Suite 1440, Houston, TX 77002

    (f) In any post-conviction proceeding:
    Joshua Sabert Lowther, 101 Marietta St., NW, Ste. 3325, Atlanta, GA 30303

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ✔   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ✔

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    The instant motion is timely filed under 28 U.S.C. § 2255 within the one-year statute of limitations since Movant's conviction became final. Because Movant appealed, the Fifth Circuit Court of Appeals affirmed and then denied his petition for rehearing on 10/4/2021, his judgment becomes final when the 90-day timeframe for filing a certiorari petition to the United States Supreme Court expired on 1/2/2022.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1)   the date on which the judgment of conviction became final;
    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

vacate his convictions and sentence

or any other relief to which movant may be entitled.

                                        s/ Joshua Sabert Lowther, Esq.
                                           Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
                                                                   (month, date, year)

Executed (signed) on   January 2, 2023   (date)

                                          s/ Joshua Sabert Lowther, Esq.
                                                    Signature of Movant
                                                  (for Harcharan Singh Narang)

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Movant retained the above-signed attorney to represent him in the instant federal habeas corpus proceeding, and authorized the above-signed attorney to sign this motion.