# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| | § | |
| | § | **Crim. No. H-17-290-01** |
| **v.** | § | **Civil No. H-23-0109** |
| | § | |
| | § | |
| **HARCHARAN SINGH NARANG,** | § | |
| **Defendant/Petitioner.** | § | |

## UNITED STATES' OPPOSITION TO AND
## REQUEST FOR DENIAL OF 28 U.S.C. § 2255 MOTION

The United States ("Government") requests that this Court deny Harcharan Singh Narang's ("Narang") 28 U.S.C. § 2255 motion because the record conclusively shows that he is not entitled to relief. Narang's claims are foreclosed by the Fifth Circuit's decision in his direct appeal, are contrary to the record, or are otherwise legally or factually meritless.

## I. PROCEDURAL HISTORY.

Narang, Gurnaib Singh Sidhu ("Sidhu"), and Dayakar Moparty ("Moparty") were indicted on one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and seventeen counts of

1

health care fraud, in violation of 18 U.S.C. § 1347 and § 2. *See United States v. Moparty,* 11 F.4th 280, 284 (5th Cir. 2021). Narang and Moparty also were indicted on three counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957 and § 2. *Id.*

The health care fraud scheme had three key parts: (1) a patient intake and testing component; (2) a billing component; and (3) a financial distribution component. *See id.* at 285. Medical doctors Narang and Sidhu would order unnecessary medical tests for people seen at Narang's office, but Moparty would bill for them through a hospital he co-owned at a higher rate, regardless of whether the tests had been performed. *See id.* at 285-86. If the patients' insurers denied the claims, Moparty would resubmit them using the name of a different entity. *See id.* at 285-88.

The indictment alleged that the scheme resulted in fraudulent billings of over $20 million to three insurance companies. *Id.* at 285. Moparty received at least $3.2 million in reimbursements, which he split with Narang through a series of financial transactions. *Id.*

Sidhu pleaded guilty before trial to the conspiracy count. *Id.* at 288.

Following an eight-day trial, a jury convicted Narang and Moparty on all 21 counts.  *Id.* at 285, 290.  This Court denied Narang's and Moparty's motions for a mistrial.  *See id.* at 288, 290-91.  Narang was sentenced to 121 months' imprisonment and ordered jointly and severally liable for $2,621,999.04 in restitution.  *Id.* at 291.

On appeal, Narang and Moparty raised "a litany of issues."  *Id.*  The Fifth Circuit affirmed this Court's judgment.  *See id.* at 284, 301.

Narang timely filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (D.E. 427).[1]  *See United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016); 28 U.S.C. § 2255(f)(1).  Narang wants this Court to vacate his conviction and sentence.  (D.E. 428, p. 34).

## II.  NARANG'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE.

Narang's § 2255 motion and supporting memorandum raise three issues: (1) he was denied a fundamentally fair trial and his constitutional rights under the confrontation clause and due process were violated

---

[1] "D.E." means the docket entry in the criminal proceeding.

based on the Government's two references to Sidhu's guilty plea; (2) he received ineffective assistance of counsel because his attorney failed to subpoena Sidhu, to call patients and expert witnesses, and to cross-examine FBI Special Agent Lammons sufficiently and effectively; and (3) prosecutorial misconduct occurred pertaining to Sidhu's guilty plea and an improper comment connecting Narang with "Russians." (*See* D.E. 427, pp. 5-6, 8, D.E. 428, pp. 4, 23, 31, 33).

## III.   THE LEGAL FRAMEWORK FOR § 2255 MOTIONS IS LIMITED.

"A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted." *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

Motions under 28 U.S.C. § 2255 are permitted only for certain types of error. *See* 28 U.S.C. § 2255(a). They are "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367,

4

368 (5th Cir. 1992); *see United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) ("defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude").

A defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the district court did not have jurisdiction to impose the sentence, (3) the sentence imposed was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *Placente*, 81 F.3d at 558; *see* 28 U.S.C. § 2255(a).

## IV. THE LAW OF THE CASE DOCTRINE BARS NARANG'S CLAIMS RELATED TO SIDHU'S GUILTY PLEA, AND/OR THEY ARE PROCEDURALLY DEFAULTED.

Narang complains about the two times the Government briefly referenced Sidhu's guilty plea. (*See* D.E. 427, p. 5, D.E. 428, p. 4). The first reference occurred during the Government's opening statement when the prosecutor "said that Sidhu 'is a co-conspirator in this case' but he 'is not in this trial because he already pled guilty.'" *Moparty*, 11 F.4th at 290-91. The second reference occurred during Agent Lammons' testimony when the prosecutor "inquired, 'we haven't talked a lot about

5

Dr. Sidhu yet. ... Why is that?' Lammons answered: 'He's already pled guilty.'" *Id.* at 290-91 (ellipsis original).

Narang argues the circumstances surrounding these two references to Sidhu's guilty plea deprived him of a fair trial in violation of the confrontation clause and due process. (D.E. 428, p. 4). As to his due process claim, he also contends that the Government's "substantial interference" precluded him from subpoenaing Sidhu. (D.E. 428, p. 5).

This Court should deny Narang's confrontation clause argument because the Fifth Circuit rejected it on appeal. His due process claim is procedurally defaulted because he failed to assert it on appeal.

## A. ARGUMENTS NARANG RAISED BEFORE THE FIFTH CIRCUIT ARE FORECLOSED.

A claim that was raised and disposed of in a direct appeal is considered the law of the case and cannot be re-litigated in a § 2255 motion. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (where issues were raised and considered on direct appeal, a defendant is precluded from urging the same issues in a later collateral attack). Such is the case here. On appeal, Narang challenged both references to Sidhu's

guilty plea, and the Fifth Circuit rejected his claims. *See Moparty,* 11 F.4th at 291-93.

The court disagreed that the references to Sidhu's guilty plea violated Narang's rights under the confrontation clause and that the presence of "aggravating circumstances" prevented this Court's limiting instructions at trial from curing the prejudice. *Id.* at 292-93 & n.18. The Fifth Circuit stated that the Government could preemptively introduce Sidhu's plea to thwart a defense strategy of painting him as the primary culprit or to negate expected impeachment efforts. *Id.* at 293. The Fifth Circuit also agreed with this Court that the two references were not improperly emphasized or offered as substantive evidence, but were made to explain why Sidhu, a frequently discussed participant in the scheme, was not present at trial. *See id.*

Also, the jury, which was presumed to follow this Court's instructions, had been told that an opening statement is only a preview, not evidence, and a limiting instruction immediately followed the second reference to Sidhu's guilty plea. *Id.* Narang did not object to the reference during opening statement. *See id.* at 290. Moreover, the Fifth

7

Circuit noted that this Court, "in light of its eight-day trial, found no bad faith by the government." *Id*. at 293.

Given the strength of this Court's curative instructions and its assessment of the prejudicial effect of the statements in the context of other evidence presented in determining whether the admission was harmless beyond a reasonable doubt, the Fifth Circuit upheld the denial of Narang's motion for mistrial. *See id*. Narang recognizes as much, but, nevertheless, improperly devotes 19 pages of his § 2255 memorandum trying to avoid the Fifth Circuit's rulings and insisting his current arguments have been elevated to a constitutional level and must be read in context. (*See* D.E. 428, pp. 4-23).

In fact, Narang asserts that the Fifth Circuit's analysis was "limited to the scope of an evidentiary issue, rather than constitutional claims," which is incorrect. (*See* D.E. 428, p. 21). The Fifth Circuit explicitly considered and rejected the claim that the testimony violated the confrontation clause. *See id*. at 292-93 & n.18.

This Court should conclude that the Fifth Circuit's factual and legal analysis, whether directly or by inference, rejected Narang's claims, and

they are foreclosed.  *See United States v. Fields*, 761 F.3d 443, 463 n.12 (5th Cir. 2014) ("Challenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion."); *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (under law of the case doctrine, ordinarily "issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal;" proscription covers issues decided expressly and by necessary implication); *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (law of the case doctrine applies to issues decided by "necessary implication"); *see also United States v. Rodriguez*, 821 F.3d 632, 634 (5th Cir. 2016) ("righting alleged errors in the appellate court's opinion on direct appeal 'is not the province of a § 2255 motion'").

### B.   ANY OTHER ARGUMENTS NARANG COULD HAVE RAISED BEFORE THE FIFTH CIRCUIT ARE PROCEDURALLY DEFAULTED.

Alternatively, to the extent Narang is asserting other claims related to the references to Sidhu's guilty plea, this Court should find they are procedurally defaulted. *See United States v. Cervantes,* 132 F.3d

1106, 1109 (5th Cir. 1998) (if the claim asserted in a motion could have been raised on direct appeal, but was not, the issue is procedurally defaulted).  This rule applies to any claims about Sidhu's alleged and speculative fear of testifying, the terms of his plea agreement, and the Government's alleged and speculative misconduct.[2] (*See* D.E. 428, pp. 11-12).

Where a prisoner fails to raise on direct appeal a claim that could have been raised and disposed of in the direct appeal, he may not present that issue for the first time on collateral review in a § 2255 motion without showing both "cause" and "actual prejudice" resulting from the error.[3] *Garcia v. United States*, No. CR M-12-1410-1, 2017 WL 2562680, at *6 (S.D. Tex. May 16, 2017), *report & recommendation adopted,* No. CR 7-12-1410-1, 2017 WL 2559102 (S.D. Tex. June 13, 2017) (citing *Frady*, 456 U.S. at 168); *see Cervantes,* 132 F.3d at 1109 (defendant who

---

[2] For example, Narang states that, "While Dr. Sidhu's plea agreement did not explicitly document such intimidations, they are real."  (*See* D.E. 428, pp. 13-14).

[3] Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the defendant can show that he is "actually innocent." *Bousley v. United States,* 523 U.S. 614, 622 (1998).

raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors); *United States v. Carter*, No. CR H-17-676-2, 2022 WL 1043907, at *1 (S.D. Tex. Apr. 7, 2022) (defendant cannot raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error).

This "standard presents 'a significantly higher hurdle' than the 'plain error' standard that" the Fifth Circuit applies on direct appeal. *Shaid*, 937 F.2d at 232. To prove "cause," a defendant must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *Olloque v. United States*, No. CR H-18-438, 2021 WL 2301932, at *1 (S.D. Tex. June 4, 2021). To prove "actual prejudice," the defendant must show he has suffered an actual and substantial disadvantage. *Id*. (citing *Frady*, 456 U.S. at 170).

Here, Narang has failed to prove either prong, and the Fifth Circuit's opinion and record negate his claims. Narang cannot establish cause for his failure to argue that his due process rights were violated.

11

The caselaw he relies on in his § 2255 motion is not new. (*See* D.E. 48, pp. 7-10). In fact, he does not cite to any cases decided after his appeal was affirmed. The legal basis for his claim was available when he appealed, and Narang has offered no justification for his failure to raise it. He, therefore, has not established cause and cannot overcome the procedural default of his claim.

Narang also has failed to show actual prejudice. Narang appears to argue that the Government actively prevented him from calling Sidhu as a witness. There is no evidence to this effect. Also, as the Fifth Circuit noted, this Court, not the prosecution, stated "Narang could call Sidhu if he wished."[4] *Moparty*, 11 F.4th at 292-93 & n.18. This belies any suggestion that Narang's due process rights were violated because the Government prevented Sidhu from testifying. Narang could have, but chose not to call Sidhu.

Further, Narang seems to suggest that his due process rights were violated because Sidhu received a beneficial plea agreement. As this

---

[4] The Fifth Circuit also rejected the implication that this constituted impermissible burden shifting. *See Moparty*, 11 F.4th at 292-93 & n.18.

Court knows, all plea agreements provide benefits to those who plead guilty, and Narang has not demonstrated that Sidhu's plea agreement prevented him from testifying if Narang subpoenaed him.   Narang, therefore, has not demonstrated actual prejudice to overcome the procedural default of his claim.

Moreover, to the extent that Narang believes he has demonstrated actual innocence to excuse his default, the Fifth Circuit recognized that this Court had "found that '[t]he admissible evidence presented to the jury overwhelmingly eclipses the two [brief] mentions of Sidhu's plea.'" *Moparty*, 11 F.4th at 290 (brackets original); *see also id.* at 290 (same).

Also, in rejecting Moparty's claim of cumulative error, the Fifth Circuit noted the "government offered hundreds of pages of documentary evidence and testimony from patients, employees, medical experts, industry representatives, and investigating agents" to support the convictions.   *See id.* at 299.   Narang's speculative and conclusory assertions do not establish actual innocence.   His due process claim is procedurally defaulted and should be denied.

13

## V. PROVING NARANG'S COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE REQUIRES A SHOWING AKIN TO INCOMPETENCE, WHICH THE RECORD NEGATES.

Narang claims that his counsel was constitutionally defective because his attorney failed to subpoena Sidhu, to call patient witnesses and expert witnesses, and to cross-examine Agent Lammons sufficiently and effectively. (*See* D.E. 427, p. 6, D.E. 428, p. 23).

The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *United States v. Torres*, 163 F.3d 909, 913 (5th Cir. 1999).

To prevail, Narang must show (1) that his attorney's performance was deficient because it fell below an objective standard of reasonableness and (2) that the alleged deficiency prejudiced his defense, which is defined as a reasonable probability that counsel's error changed the result of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Palacios*, 928 F.3d 450, 454 (5th Cir. 2019). If a defendant fails to prove one prong, it is unnecessary to analyze the

other. *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014). Here, Narang has not proved either prong.

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 687. Counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance. *Premo v. Moore*, 562 U.S. 115, 121 (2011). "Unlike a later reviewing court, the [trial] attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'" *Id.* at 122.

To overcome the presumption, a defendant must "show 'that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Id.* at 121-22. "The question is whether an attorney's representation *amounted to incompetence* under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* at 122 (emphasis added).

Every effort must be made to eliminate the distorting effects of hindsight and instead evaluate the conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 687; *see United States v. Townzen*, No. CR 2:18-1336-1, 2022 WL 16836339, at *4 (S.D. Tex. Nov. 8, 2022) (ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence) (brackets original); *Gardiner v. Lumpkin*, No. CV H-20-0702, 2021 WL 765685, at *8 (S.D. Tex. Feb. 26, 2021) (counsel is strongly presumed to have rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy).   An attorney's error, even if professionally unreasonable, does not warrant setting aside the judgment if the error had no effect on it. *Strickland*, 466 U.S. at 691.

Here, Narang has failed to show that his attorneys "made errors so serious that" they were "not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *See Torres*, 163 F.3d at 913.  Even when the record fails to explain all of counsel's decisions, "the defendant must

overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone,* 535 U.S. 685, 698 (2002) (quotation omitted); *see Yarborough v. Gentry*, 540 U.S. 1, 8, (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect").  For this reason, Narang's vague complaints about uncalled patient and expert witnesses fail under the first *Strickland* prong.

The Fifth Circuit has been clear that "'complaints based upon uncalled witnesses' are 'not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and that speculations as to what these witnesses would have testified is too uncertain.'"  *United States v. Megwa*, No. 20-10877, 2021 WL 3855498, at *3 (5th Cir. June 1, 2021); *see Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) ("the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and that speculations as to what these witnesses would have testified is too uncertain").  The hiring of expert witnesses and the presentation of their

testimony also is considered a matter of trial strategy. *Colburn v. Cockrell*, 37 F. App'x 90, *11 (5th Cir. 2002); *see also Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir.1993) ("Counsel's decision not to hire experts falls within the realm of trial strategy."). Moreover, "[w]here the only evidence of a missing witnesses' testimony is from the defendant," the court should view these "claims of ineffective assistance with great caution." *See Sayre v. Anderson,* 238 F.3d 631, 636 (5th Cir. 2001).

Another reason Narang's contention fails is that, to prevail on an ineffective assistance claim based on counsel's failure to call a lay or expert witness, a defendant must "name the witness, demonstrate the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Pervis*, No. CR H-15-060-02, 2021 WL 1110595, at *4 (S.D. Tex. Mar. 22, 2021). Narang failed to comply with this rule. He did not name the witnesses. He did not supply affidavits from the alleged witnesses demonstrating their willingness to testify at trial, detailing their testimonies, and showing

18

their testimonies would have been favorable to him. This Court should overrule Narang's argument. *See Megwa*, 2021 WL 3855498, at \*3 (where defendant did not provide declarations or other evidence from the relevant experts, he could not establish prejudice under Fifth Circuit precedent).

Similarly, this Court can dispose of Narang's complaint about the alleged ineffective cross-examination of Agent Lammons because counsel did not ask about another agent's wife who was one of Narang's medical partners as well as how the investigation allegedly started here because Narang had testified for Aetna, one of the insurance companies that was defrauded here, in a civil suit against a medical center. (*See* D.E. 428, p. 30). Decisions regarding cross-examination also are strategic and usually will not support an ineffective assistance of counsel claim. *United States v. Valas*, 40 F.4th 253, 262-63 (5th Cir. 2022); *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (same).

This Court should conclude that Narang failed to meet his burden under the first *Strickland* prong. While this Court is not required to examine the second prong, Narang's proof also falls short here.

19

To prove prejudice, a defendant "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Premo*, 562 U.S. at 122. Narang cannot do so.

As the Fifth Circuit confirmed, "the government introduced extensive testimony to demonstrate how the scheme operated." *Moparty*, 11 F.4th at 285. The court also discussed Narang's key role in the fraud, including how he "persuaded" patients to undergo testing and explained that their insurance companies would pay in full. *See id.* at 285-86. Narang then ordered various tests. *Id.* The four expert witnesses the Government presented discussed the testing deficiencies and errors and more importantly, how the tests were not medically necessary. *See id.* at 286.

As the Fifth Circuit also confirmed, the evidence showed how "Narang and Moparty executed a 'pass-through billing scheme' where services are rendered at one location, but the bills are submitted from a different place at a higher rate." *See id.* at 286-88. Three fact witnesses with the major insurance companies discussed the billings and

payments, and Agent Lammons testified that the insurance and billing records corroborated the pass-through billing testimony of the other witnesses. *See id*. at 288.  There also was testimony about "rebilling," and Agent Lammons explained how the defendants used a shell company and other entities to move money. *See id*.  A forensic accountant also traced the transactions related to the money laundering counts in the indictment. *See id*.

Under no circumstances has Narang satisfied his burden under the second Strickland prong. *See Yohey*, 985 F.2d at 228 (where evidence at trial of defendant's "guilt was overwhelming . . . [a]ny procurement of independent experts could very well have been deemed futile"); *Whatley v. Thaler*, No. CIV.A. G-10-218, 2012 WL 163825, at *7 (S.D. Tex. Jan. 19, 2012) (even assuming counsel's cross-examination of key witnesses was ineffective, defendant must show the outcome the trial would have been different had counsel conducted an effective cross-examination).  In fact, Narang's assertions of prejudice are largely conclusory. Instead of explaining how the calling of witnesses or his suggested cross-examination of Agent Lammons would negate or significantly undermine

the Government's evidence, here just baldly asserts that the outcome of the trial would have been different.

"Surmounting *Strickland*'s high bar is never an easy task." *Premo*, 562 U.S. at 122.  Here, Narang has failed to satisfy his burden under either prong of the *Strickland* test.

## VI.  NARNAG'S PROSECUTORIAL MISCONDUCT ARGUMENTS ARE PROCEDURALLY DEFAULTED.

Narang claims that prosecutorial misconduct occurred because the Government substantially interfered with Narang's ability to call Sidhu as a witness because Sidhu was intimidated by the terms of his plea agreement. (D.E. 428, p. 31).  This Court should disregard his speculative argument, which previously was discussed at length.   In any event, to the extent Narang believed he had a legitimate claim, he could have asserted it on appeal, but chose not to do so.

As stated earlier, the legal basis of his claim was readily available to him when he appealed.  Narang does not rely on recent caselaw for his claim.  Also, his claim is predicated on facts contained within the record when he appealed.  There also is no suggestion that he was precluded from raising the claim on appeal.  *See United States v. Cabrera*, No. 6:22-

CR-00001, 2023 WL 2789311, at *2 (S.D. Tex. Apr. 4, 2023) (claim procedurally defaulted because defendant failed to raise it on direct appeal and did not establish either cause and actual prejudice or that he was actually innocent; mere conclusory allegations on critical issues are insufficient to raise constitutional issue).

This Court also should overrule Narang's complaint about the prosecutor's brief, broad, and vague reference during sentencing that the Government "got hold of" him because he was dealing with the Russians in 2008. Again, Narang could have raised this complaint on appeal, but did not. He offers no reason why, failing to establish cause.

Moreover, Narang has failed to establish actual prejudice, and the claim is conclusory. The supposed error occurred at sentencing. Narang does not even attempt to explain how the comment resulted in a higher sentence. There is no indication in the record that this Court sentenced Narang to a longer term of imprisonment because of the comment or was otherwise influenced by it. Narang, therefore, has failed to overcome his procedural default by failing to demonstrate actual prejudice.

## VII. CUMULATIVE ERROR DOES NOT EXIST.

Finally, Narang briefly mentions that cumulative error may be considered as an independent basis for relief. (*See* D.E. 428, p. 33). "[T]he cumulative error doctrine ... provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *Moparty*, 11 F.4th at 298 (brackets and ellipsis original).

The Fifth Circuit's "clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of *acceptable* decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006) (emphasis added). As the Fifth Circuit found in a case similar to Narang's here, "because certain alleged errors did not rise to constitutionally ineffective assistance of counsel, and because certain other claims were meritless, a petitioner had 'presented nothing to cumulate.'" *Id.* (citing *Yohey*, 985 F.2d at 229)).

Moreover, Moparty, not Narang, raised a cumulative error complaint on appeal, contending that "[t]he cumulative prejudicial effect

24

of these repeated acts of misconduct by prosecutors and government witnesses rendered impossible the jury's ability to fairly review the evidence and return a just verdict." *See Moparty*, 11 F.4th at 299 (brackets original).   The Fifth Circuit rejected his argument, finding "[t]he government offered hundreds of pages of documentary evidence and testimony from patients, employees, medical experts, industry representatives, and investigating agents.  Moparty's claimed errors lack the 'synergistic' nature such that if none had occurred, he would have had 'a very different trial.'"   *Id*.   The Fifth Circuit's decision forecloses Narang's meritless cumulative error claim.

## VIII. NO HEARING IS REQUIRED AND NO CERTIFICATE OF APPEALABILITY SHOULD ISSUE.

A defendant may obtain a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues are adequate to deserve encouragement to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation

25

marks omitted).   For the reasons discussed above, reasonable jurists could not disagree with this Court's denial of Narang's § 2255 motion.

An evidentiary hearing also is unnecessary here.  A § 2255 motion may be resolved without a hearing where the motion, files, and record of the case conclusively show that no relief is appropriate.  *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).  "If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further." *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990); *see also United States v. Demik,* 489 F.3d 644, 646 (5th Cir. 2007) ("conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing); *see also United States v. Holmes,* 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citation omitted).

Here, Narang's claims are unmeritorious.  Based on the existing record, this Court can determine that his motion should be denied without holding an evidentiary hearing.

## CONCLUSION

For these reasons, this Court should deny Narang's § 2255 motion. This Court also should find that an evidentiary hearing is unnecessary and deny a certificate of appealability.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

*s/ Eileen K. Wilson*
EILEEN K. WILSON
Assistant United States Attorney
Attorneys for Respondent

United States Attorney's Office
1000 Louisiana St., Suite 2300
Houston, TX  77002
(713) 567-9102

## CERTIFICATE OF SERVICE

I certify that, on April 18, 2023, a true and correct copy of this motion was electronically filed with the United States District Court for the Southern District of Texas and served upon opposing counsel Mr. Joshua Sabert Lowther.

*s/ Eileen K. Wilson*
EILEEN K. WILSON

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| | § | |
| | § | **Crim. No. H-17-290-01** |
| **v.** | § | **(Civil No. H-23-0109)** |
| | § | |
| | § | |
| **HARCHARAN SINGH NARANG,** | § | |
| **Defendant/Petitioner.** | § | |

## <u>ORDER DENYING 28 U.S.C. § 2255 MOTION</u>

After reviewing the applicable pleadings, facts, and law, this Court has determined that Harcharan Singh Narang's motion under 28 U.S.C. § 2255 should be and is denied.

SIGNED this ____ day of _____, 2023.

_____
HON. SIM LAKE
UNITED STATES DISTRICT JUDGE