IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:17-CR-00290 |
| | ) | No. 4:23-CV-00109 |
| v. | ) | |
| | ) | |
| HARCHARAN SINGH NARANG, | ) | |
| | ) | |
| Defendant. | ) | |

REPLY TO
UNITED STATES' OPPOSITION TO AND REQUEST FOR DENIAL OF
28 U.S.C. § 2255 MOTION

Dr. HARCHARAN S. NARANG, pursuant to 28 U.S.C. § 2255, respectfully files this his Reply to United States' Opposition to and Request for Denial of 28 U.S.C. § 2255 Motion, and submits the following in support thereof:

**I.  Claim #1 Is Neither Procedurally Barred Nor Defaulted.**

   **a. Legal Framework**

Whether a § 2255 movant's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he may overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to

1

him) existed to prevent him from raising and discussing the claims as grounds for relief on direct appeal. *See United States v. Flores,* 981 F.2d 231 (5th Cir. 1993) (in the § 2254 context). To establish prejudice, a movant must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).

Even if a movant fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that denial of collateral relief would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

In *Kaufman v. United States*, 394 U.S. 217 (1969), the Supreme Court held that *res judicata* does not bar § 2255 habeas review of constitutional issues, and that a district court had "discretion" to decide whether or not to reach the merits of a constitutional claim that had already been raised and resolved against the prisoner at trial and on direct review. *Id.*, at 227, n. 8. Indeed, "the [Supreme] Court has long recognized that habeas corpus [is] governed by equitable principles." *Duckworth v. Eagan*, 492 U.S. 195, 213 (1989) (O'CONNOR, J., concurring)(internal quotation marks omitted).

**b**. **Application**

Here, in his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion," ECF No. 427) and the Memorandum in Support of § 2255 Motion ("§ 2255 Brief," ECF No. 428), Dr. Narang submits that the circumstances surrounding the Government's repeated references of

2

Dr. Sidhu's guilty plea denied him of a fundamentally fair trial, in violation of his constitutional rights to the Confrontation Clause and to Due Process.

In its Opposition (ECF No. 436), the Government argues that this claim is either procedurally barred because it was raised and disposed of at direct appeal, or, alternatively, is procedurally defaulted for being raised at the first time in the § 2255 Motion. The Government's arguments must fail for the following reasons:

Notably, as Dr. Narang emphasizes in his § 2255 Brief, his constitutional claim in this regard is not limited to the Government's two references to Dr. Sidhu's guilty plea at trial; rather, it must be scrutinized in its context, including the Government's bad faith prior to and during the trial, the Government's substantial interference which precluded him from subpoenaing Dr. Sidhu, and the court's impermissible burden-shifting comment, etc. § 2255 Brief at 4, ECF No. 428.

With the above understanding as a backdrop, it is patently clear that this claim is not procedurally barred because the appellate court did not consider those critical circumstances surrounding the Government's impermissible references to Dr. Sidhu's guilty plea, let alone resolving the ***entirety*** of this claim on the ***merits***. *See Kramer v. United States*, 788 F.2d 1229, 1231 (7th Cir. 1986)("[a]n issue previously raised on direct appeal cannot be relitigated in a Section 2255 proceeding only if the issue was resolved on the merits").

What the appellate court did not consider or resolve, but still constitute an inherent and inseparable part of the due process claim, include: (1) that there was simply no need to explain Dr. Sidhu's absence at trial because Dr. Sidhu pleaded guilty prior to trial as opposed to disappearing after the trial began; (2) that substantial government interference occurred when considering Dr. Sidhu's usually favorable plea terms, the severe charges and sentences that the Government dropped but could prosecute against him any time, and the timing of his sentencing which was scheduled after Dr. Narang's trial; (3) that prior to trial the Government was fully aware that Dr. Sidhu's testimony would undermine, as opposed to helping, the Government's case in chief; (4) that a series of unilateral and overt government actions attributed to Dr. Sidhu's unavailability at trial, such as the bad faith assurance that the Government will call Dr. Sidhu as a trial witness; etc. The totality of these circumstances are inherent and critical to Dr. Narang's due process claim. Taking the two references out of this complete picture would result in a fundamental miscarriage of justice.

Nor is Dr. Narang's claim procedurally defaulted. In essence, a claim regarding the references to Dr. Sidhu's guilty plea was raised at direct appeal. To the extent any part of the due process claim was not fully presented at appeal, it is excusable because trial counsel was ineffective for failing to bring them up at the motion for mistrial; and, consequently, appellate counsel failed to present the entire picture at the appellate court when appealing the denial

4

of motion for mistrial. *See Meanes v. Johnson,* 138 F.3d 1007 (5th Cir. 1998) (ineffective assistance of counsel can constitute cause for procedural default for purpose of habeas review). No reasonable defense attorney would have failed to include the entirety of circumstances to support his claim regarding Dr. Sidhu's guilty plea. This holds particularly true when considering that trial counsel knows such circumstances better than anyone else does.

Moreover, Dr. Narang was actually prejudiced as a result of former counsel's ineffectiveness in this regard. Had former counsel presented the above-specified totality of circumstance in the motion for mistrial, the outcome at the district court and/or at appeal would have been different because there is well established favorable case law in this regard. *See United States v. Hansen*, 544 F.2d 778 (5th Cir. 1977)(no need to the absence of a co-defendant who pleaded guilty prior to trial; doing so is a "bad practice" causing "obvious" "prejudice" to remaining parties). Furthermore, had former counsel fully and sufficiently raised due process claim based on the totality of circumstances at the district court and at appeal, Dr. Narang would not be facing any purported procedural hurdle at the instant § 2255 proceeding. Thus, Dr. Narang clearly suffered an actual and substantial disadvantage due to former counsel' deficiency.

In addition, this Court could, and should, reach the merits of Dr. Narang's claim under equitable principles. *Kaufman*, 394 U.S. at 227. This

holds particularly true in light of the appellate court's warning towards the Government's very problematic practice in its appeal opinion in this case:

> Throughout the course of the trial, ***the government, at best, was careless*** in the testimony it elicited from its witnesses, its missteps salvaged only by the district court's repeated and forceful curative instructions. Even though the trial court found no bad faith, ***such heedless behavior is unacceptable***.

*United States v. Moparty,* 11 F.4th 280, 301 (5th Cir. 2021)(emphases added). Indeed, even the finding of no bad faith was made "in light of its eight-day trial," *id.* at 293, without considering what happened outside the courtroom, as demonstrated in Dr. Narang's § 2255 brief. Totality of circumstances considered, equitable principles demand an opportunity to review on the merits the fundamental unfairness that occurred in this case, both inside and outside the courtroom.

Lastly, it is important to note that most of the circumstances surrounding the reference of Dr. Sidhu's guilty plea were outside the record of the case at the time of direct appeal. *See United States v. Willis*, 273 F.3d 592, 597 n.7 (5th Cir. 2001) ("We note that the procedural default rule does not apply to claims that could not have been raised on direct appeal[.]")

## II. Dr. Narang Named Expert Witness in Support of His Ineffective Assistance of Counsel Claim.

In its Opposition, the Government attempted to undermine Dr. Narang's ineffective assistance of counsel claim by contending that he "did not name the witnesses[,] . . . did not supply affidavits from the alleged

6

witnesses demonstrating their willingness to testify at trial, detailing their testimonies, and showing their testimonies would have been favorable to him." Oppo. at 18-19, ECF No. 436. It is simply not the case.

The Government completely ignores that, in his § 2255 Brief, Dr. Narang has named a defense expert witness, Dr. Ashok Kadambi, who actually testified on his behalf at sentencing. § 2255 Brief at 28, ECF No. 428. The Government also entirely disregarded the two pages that Dr. Narang spent to detail and highlight the favorable testimonies that Dr. Kadambi made. *Id.* at 28-29. This is certainly more compelling that the "affidavits" that the Government erroneously accuses Dr. Narang for failing to provide.

## III. Conclusion

Dr. Narang respectfully requests, based on the foregoing, that this Court vacate his convictions and sentence, or, in the alternative, order an evidentiary hearing based upon the same.

7

Date:          June 28, 2023

                          Respectfully Submitted,

                          ***s/ Joshua Sabert Lowther, Esq.***
                          Joshua Sabert Lowther, Esq.
                          Ga. Bar # 460398
                          jlowther@lowtherwalker.com

                          Lowther | Walker LLC
                          101 Marietta St., NW, Ste. 3325
                          Atlanta, GA 30303
                          404.496.4052
                          www.lowtherwalker.com

                          Attorney-in-Charge for
                          Dr. Harcharan Singh Narang

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:17-CR-00290 |
| | ) | No. 4:23-CV-00109 |
| v. | ) | |
| | ) | |
| HARCHARAN SINGH NARANG, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on June 28, 2023, I electronically filed the foregoing REPLY TO UNITED STATES' OPPOSITION TO AND REQUEST FOR DENIAL OF 28 U.S.C. § 2255 MOTION with the Clerk of the United States District Court for the Southern District of Texas by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:         June 28, 2023

                                          Respectfully Submitted,

***s/ Joshua Sabert Lowther, Esq.***
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com